The State Bank v. Stanton.

THE PRESIDENT, DIRECTORS AND COMPANY OF THE STATE BANK OF ILLINOIS, plaintiffs in error, v. THOMAS STANTON, defendant in error.

*Error to Madison.*

The State Bank recovered a judgment against S. as acceptor of a bill of exchange, S. having made no defence to the suit. Subsequently S. filed a bill in chancery against the Bank, and obtained an injunction staying proceedings on the judgment. The bill alleged in substance that S. was an accommodation acceptor, and that the bill was fully paid and discharged, by the payment of $350 to the Bank in cash and the giving of a promissory note of the drawer of the same bill of exchange, and indorsed by S. and others, for the balance; that S., until a few days before the term at which the judgment was recovered, supposed that he was sued as the indorser of the note, and having no interest in the bill or note, was unable to furnish his attorney with the necessary information to make his defence, and those interested in the matter were absent from the county; and that consequently, he was taken by surprise, and could not make his defence at that time. The defendants in the bill appeared, and moved the Court to dismiss the bill for want of equity, but the motion was denied. They then filed a plea, setting up the proceedings and judgment in the action at law, in bar of the bill. The cause was then heard on bill and plea, and a decree entered, perpetually enjoining the collection of the judgment: *Held,* that the bill showed no equity on its face, and that the Court should have dismissed it for that reason.

If a bill in chancery contain allegations, which show that the complainant had a perfect remedy at law, and the bill does not show a sufficient excuse for not pursuing the remedy, the bill should be dismissed for want of equity.

A party, who has a good defence at Law, has not the right, as a matter of course, to transfer it to Equity.

BILL IN CHANCERY for an injunction, in the Madison Circuit Court, by the defendant in error, against the plaintiff in error, and heard before the Hon. James Semple, at the May term, 1844. The injunction, which had been previously granted, was made perpetual.

The material allegations of the bill are substantially set out in the Opinion of the Court.

The case was brought into this Court by writ of error. There being no appearance on the part of the defendant in error, the case was argued *ex parte* by

*S. T. Logan,* for the plaintiff in error, who cited *Abrams* v. *Camp,* 3 Scam. 291, and cases there cited.

The State Bank *v.* Stanton.

The Opinion of the Court was delivered by

TREAT, J.*    At the September term, 1841, of the Madison Circuit Court, the State Bank of Illinois recovered a judgment for the sum of $4328·35, against Thomas Stanton, as the acceptor of a bill of exchange, drawn by James Moore, on the 24th of June, 1837.   In January, 1842, Stanton filed a bill in chancery against the Bank, and obtained an injunction staying proceedings on the judgment.   The bill alleged in substance, that the complainant was an accommodation acceptor of the bill; that the bill was fully paid in January, 1838, by the payment to the Bank of $350 in cash, and the giving of the promissory note of Moore, indorsed by complainant and others, for the balance; that the complainant, until a few days before the term at which the judgment was recovered, supposed that he was sued as the indorser of the note, and having no interest in either the bill or note, was unable to furnish his attorney with the necessary information to make his defence, the drawer of the bill then being dead, and the persons interested in it and the note being absent from the county; and that in consequence thereof, he was taken by surprise on the trial, and unable to make his defence for the want of information and testimony.

The defendants appeared and moved the Court to dismiss the bill for want of equity.   The Court denied the motion. The defendants then filed a plea, setting up the proceedings and judgment in the action at law in bar of the bill.   The cause was then heard on the bill and plea, and a decree entered, perpetually enjoining the collection of the payment. The Bank now prosecutes a writ of error for the reversal of the decree.

It is very clear that the bill shows no equity on its face, and the Court ought to have sustained the motion made to dismiss it for that reason.   The allegations of the bill, if true, showed that the complainant had a perfect defence to the action at law, and no sufficient excuse is alleged for not

*WILSON, C. J. did not sit in this case.

The State Bank *v.* Stanton.

asserting and proving it there. The defence was purely a legal one. He was as fully aware of it while the action was pending, as after judgment was rendered. He had the same means of establishing it then, that he has now. Instead of interposing it, he stood quietly by and permitted the judgment to pass against him, without an effort to prevent it. The only excuse he makes for this manifest inattention to his rights, is the absence of his witnesses, and the parties more immediately interested in the subject matter of the writ. This might have been a sufficient cause for a postponement of the trial, but certainly none for the interposition of a Court of Equity. A party who has a good defence at Law, has not the right, as a matter of course, to transfer it to Equity. If this bill should be sustained, the jurisdiction of a Court of Law might be almost wholly assumed and controlled by a Court of Equity. The well defined land marks separating the jurisdiction of the two tribunals would be disregarded and overthrown. A case can hardly be imagined, in which as plausible a reason might not be assigned for investing a Court of Equity with jurisdiction. We do not deem it necessary to refer to the cases in which Equity will interfere, by granting relief against judgments at Law, or affording a party a further opportunity of asserting a legal defence. It is clear that this case makes no reasonable approach towards them.

The decree of the Circuit Court is reversed with costs, the injunction dissolved, and the bill dismissed.

*Decree reversed.*